FRANK D. TAYLOR, APPELLEE, V. J. E. HOVER, APPELLANT.

FILED JUNE 20, 1906.    No. 14,411.

Instructions defining adverse possession examined, and *held* not prejudicial to the defendant.

APPEAL from the district court for Sarpy county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Charles L. Hover,* for appellant.

*Charles A. Goss* and *James Hassett, contra.*

DUFFIE, C.

Frank D. Taylor commenced this action against J. E. Hover to recover possession of tax lot G, in section 21,

township 14, of range 13 east of the sixth P. M. in Sarpy county. His petition alleges a legal estate in the above described premises and that he is entitled to the possession thereof. The answer was a general denial. A verdict was returned in favor of the plaintiff, upon which judgment was entered giving him possession of the premises, and the defendant has appealed.

The defendant claimed title by adverse possession. Relating to this defense the court instructed the jury as follows: "It is incumbent upon the defendant, before he can recover, to satisfy you by a preponderance of the evidence that he and those under whom he claims have, for a period of ten years before the commencement of this action, been in the open, actual, continuous, notorious, exclusive and hostile possession of the land in controversy, claiming the same as their own, as against the true owner and all other parties." In another instruction the court defined "hostile" as follows: "The word 'hostile,' when applied to the possession of an occupant of real estate holding adversely, is not to be construed as showing ill will or that he is an enemy of the person holding the legal title, but means an occupant who holds and is in possession, claiming to hold the land against all other claimants." The only error relied on is the use of the word "hostile" in the first instruction above quoted. This word has usually been used by the courts to define a possession adverse in its nature. In *Ballard v. Hansen,* 33 Neb. 864, the use of the word was criticised as applied to an adverse possession; but in *Hoffine v. Ewings,* 60 Neb. 729, its use, with the explanation contained in other instructions, was held to be without prejudice to the party claiming adversely to the legal title. In the case at bar the undisputed evidence discloses that Hover entered into possession of the land in dispute under a deed from one Preston. This deed bears date March 4, 1902. Preston rented the land from the owner of the legal title for the year 1901. He entered as tenant of the legal owner. He continued in possession after the expiration of his lease, and there is nothing to

show that his possession was based on any claim of right, title or ownership. His possession being taken under a lease from the legal owner, the presumption is that it continued in subordination to the legal title in the absence of evidence showing that he claimed a greater estate. The record is silent, or practically so, of any acts on the part of Preston tending to show that he asserted title as against the true owner, or claimed ownership in himself prior to his conveyance to the defendant and appellant. The instructions of the court were not prejudicial to the defendant, and the verdict of the jury is clearly supported by the evidence.

We recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.